(Surrogate's Court, Washington County. December, 1901.)

WILL—DEVISE IN TRUST—DEBT DUE BY BENEFICIARY.
　　A mother by her will created a testamentary trust for her son, who was indebted to her, which she declared should not be subject to the intervention of any creditor, and which she stated was intended to secure him with an income for life, and put it beyond the reach or control of creditors. *Held*, that her executor could not reach the income of the trust, and apply it to the debt owed by the son to her.

In the matter of the judicial settlement of the accounts of William D. Temple, executor of Mary J. Duel. Decree entered.

Joseph B. McCormick, for executor.

Clarence E. Parker, for Hiram Duel.

INGALSBE, S. The question submitted relates solely to the construction of the sixth clause of the testatrix's will, which reads as follows:

"I give and bequeath the sum of three thousand dollars to Joseph B. McCormick, or his successors, to have and to hold the same, but nevertheless in trust and upon the uses and trusts and for the purposes following: To be held, managed, and invested from time to time, and as need be reinvested, by said J. B. McCormick, as such trustee, or his successor, in said trust, for the benefit and advantage of my son, Hiram Duel, in such good, productive stocks and mortgages as will produce, if possible, a sure and regular income, and the whole net income or interest of which fund is to be paid over

to my said son, Hiram Duel, for and during the term of his natural life, at least once a year, upon his own order or receipt, without being subject in any degree to the intervention or order of any creditor of the said Hiram Duel; my object being to secure to him, the said Hiram, during the term of his natural life, the use, income, interest, and enjoyment of all the said three thousand dollars, and to put the same beyond the reach or control of all and every creditor of the said Hiram."

By a codicil, W. D. Temple was named as trustee in the place of Joseph B. McCormick, but the clause in question was in no other way changed. At the death of the testatrix, her son, Hiram Duel, the beneficiary named, was indebted to her in the principal sum of $1,363.90. The executor contends that the income of the trust fund of $3,000 given the debtor should be applied in reduction of this indebtedness; that he has an equitable lien upon this legacy of income given Hiram Duel, and the right to retain it from time to time as it matures, and apply the amounts so retained in payment of the indebtedness of the beneficiary to the testator, until it shall be fully liquidated.

A legacy by a creditor to a debtor does not operate as a release or extinguishment of the debt unless it appears to have been the intention of the testator to have it so operate. The legacy produces no effect upon the indebtedness unless it is clearly apparent that it was the testator's intention to release the debt. The intention of the testator is to be sought for in the will itself, and carried into effect. Fortunately, in the clause under consideration this intention is very clearly expressed. The object of the provision for the son, Hiram, is explicitly stated on the face of the will to be "to secure to him, * * * during the term of his natural life, the use, income, interest, and enjoyment of all the said three thousand dollars." If the contention of the executor is correct, Hiram Duel can receive no use or enjoyment from this sum for many years. Even in the most favorable aspect of interest returns, taxes levied, and necessary expenses paid, nearly two decades would elapse before he became the recipient of the "sure and regular income" his mother intended to provide. The testatrix was not content with a single statement of her intention. In another portion of this clause she directs the payment of this income, to be as often as once a year, upon the beneficiary's "own order or receipt, without being subject in any degree to the intervention or order of any creditor." At the close of the provision she reiterates her position to be "to put the same beyond the reach of all and every creditor of said Hiram." This not only makes her intention more unmistakable, but, in effect, it declares that the income of said $3,000 shall be beyond and above the reach of her estate as a creditor of the beneficiary.

A decree should be entered for the immediate payment to the beneficiary, Hiram Duel, of the income of said trust fund which has accrued since the death of the testatrix. Decreed accordingly.