[Sac. No. 2828.   In Bank.—April 3, 1920.]

## JOSEPH ESCOBAR, Respondent, v. MANUEL ROGERS et al., Appellants.

[1] EXECUTION—TITLE OF PERSONAL PROPERTY IN POSSESSION OF BUYER—CONDITIONAL SALE CONTRACT.—The title of the seller to personal property in the possession of the buyer under a contract of conditional sale is a leviable interest within the meaning of section 688 of the Code of Civil Procedure.

[2] ID.— WAIVER OF POSSESSION — RIGHT OF CONDITIONAL BUYER. — While the buyer under a conditional sale contract who is not in default has the right to the possession of the property as against the creditors of the seller, he may waive his right thereto in view of section 3513 of the Civil Code.

[3] ID.—FAILURE TO OBJECT TO LEVY—WAIVER OF RIGHT OF POSSESSION.—Where the title to personal property in possession of the buyer under a conditional sale contract is levied upon by a judgment creditor of the seller, and the buyer makes no objection to the seizure or sale, he thereby waives his right to the possession of the property.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Reversed.

The facts are stated in the opinion of the court.

L. C. Pistolesi and O. F. Meldon for Appellants.

D. M. MacLean and Leon R. Yanckwich for Respondent.

LAWLOR, J.—This is an appeal from a judgment in favor of the plaintiff in an action for the partition of certain personal property consisting of sixty-five head of cows and other livestock, hay, wagons, plows, a tank, a separator, a gas engine, and a cultivator, of which, plaintiff alleged in his complaint, he and defendant Rogers were joint owners, each having an undivided one-half interest in such property. Defendants Manuel Rogers and C. H. Kemp answered separately. The former set out *in haec verba* the contract, the particulars of which are hereinafter summarized, between himself and the plaintiff for the sale of the subject matter of this action, and both defendants alleged that all right, title, and interest in or to the said property

had passed out of plaintiff by virtue of the sale thereof to defendant Kemp in execution of a judgment, hereinafter discussed, against the plaintiff.

There is practically no dispute as to the facts. On October 30, 1912, Escobar, Rogers, and two others were conducting a dairy in the county of Marin, each owning an undivided one-fourth interest therein, part of which was the property we have already mentioned. On October 30, 1912, Escobar and Rogers entered into the agreement set out in the latter's answer, the validity of which agreement is admitted by the plaintiff. By the terms of the contract, plaintiff's interest in the property described in the complaint was sold to the defendant Rogers for the sum of three thousand seven hundred dollars. The purchase price was to be paid in four installments, the last installment of one thousand dollars to become due and payable on the first day of September, 1915, and title was to remain in the vendor until payment in full should have been made. The property was, however, to be in the possession of the vendee, Rogers, from and after the execution of the agreement. It was further provided that, in the event of the failure of the vendee to pay any of the installments as they fell due, the vendor might elect either to treat the transaction as a completed sale and sue for the whole of the purchase price, or to rescind the agreement, reclaim his interest in the property, and retain as liquidated damages all payments previously made by the vendee. Pursuant to these provisions, the vendee entered into the exclusive possession of the property and subsequently removed the greater portion thereof to a ranch in Merced County. The first three installments under the contract were met, but the last payment of one thousand dollars was never made. The vendor chose to rescind the contract and instituted this action on January 30, 1916, praying for a partition of the property. It further appears that a default judgment for $107.50 was entered against the vendor herein on May 11, 1914, in an action between him and one R. B. Williams in the justice's court for Sausalito Township, Marin County. After due proceedings an execution was issued to the sheriff of Merced County, who, on April 21, 1915, levied upon "the entire interest of Joseph Escobar in the stock under the control and possession of Manuel Rogers at the Bates Ranch, i. e.,

45 hd. of cows, 3 horses, 15 calves, 15 head of dry cows and heifers, and two bulls. And sold the whole of same in one parcel to C. H. Kemp . . . ''

The case was tried before the court without a jury. The court found: "That on the twenty-ninth day of January, 1916, plaintiff, Joseph Escobar, and the defendant, Manuel Rogers, were, ever since have been, and now are, owners as tenants in common, each owning an undivided one-half interest in and to" the property described in the complaint. "That said C. H. Kemp has no right, title, or interest in the property hereinbefore described acquired through said sale under execution" above mentioned. Judgment was entered directing the sale of the personalty in question, and an equal division of the proceeds between Escobar and Rogers. The appeal is by both defendants from the judgment.

Arguments of the appellants are grouped under three main contentions: (1) That the findings of the court in respect to the legal effect of the sale on execution "are inconsistent, conflicting, and contrary to law"; (2) that the findings are contrary to the evidence in so far as it is found that the plaintiff is the owner of *one-half* of the property in controversy, and (3) that the findings are contrary to the evidence in that it is found that the plaintiff has any interest in the hay or in the gas engine described in the complaint. It will not be necessary to discuss the two last points raised by appellants for the reason that the judgment must be reversed on the grounds stated in the first point.

The question presented for decision is thus stated in respondent's brief: "Did the fact that the title remained in Escobar under the terms of the contract of conditional sale give him a leviable interest in the personal property above mentioned on the date of the levy, the 21st of [April], 1915?" In our opinion Escobar, the conditional vendor and judgment debtor, had a leviable interest. It was not for him, but for Rogers, the vendee, who had the right to the possession of the property, to object to the taking of the possession and custody thereof by the sheriff, and it does not appear that Rogers has ever questioned the right of the sheriff to make the levy.

In the case of *Remmington* v. *Cady,* 10 Conn. 44, the fundamental principle was laid down that "all the property of a man shall be liable to the payment of his debts." Such is the policy and the law of this state as expressed in section 688 of the Code of Civil Procedure: "All goods, chattels, moneys, and other property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law . . . are liable to execution . . . " And section 698 of the same code provides that a certificate of sale delivered by the officer making the sale "conveys to the purchaser all the right which the debtor had in such property on the day the execution or attachment was levied." [1] While no case in this jurisdiction has been cited, and we are aware of none, where this question has arisen as between the conditional *vendor* and the purchaser at an execution sale under a judgment recovered against such vendor, we think it plain that the title of Escobar to the personal property described in the complaint was a leviable interest within the meaning of section 688 of the Code of Civil Procedure. It is not the law that where A and B are tenants in common, A can defeat the right of his creditors to levy upon the property merely by transferring the possession to B under a conditional contract of sale, for this would tend to encourage practices in fraud of creditors. We quote from *Humphrey* v. *Hopkins,* 81 Cal. 551, 553, [15 Am. St. Rep. 76, 6 L. R. A. 792, 22 Pac. 892]: "A debtor cannot, by placing or allowing his property to be in the possession of a third party, screen it from attachment. However lawful the possession of the bailee, the property is still subject to attachment or garnishment at the suit of a creditor of the owner. Such rights as the bailee may have to the use or possession of the property . . . will of course be protected, but, *saving the rights of the bailee,* the creditor may take it." (Italics ours.) As we have seen, it is not shown that the vendee, Rogers, offered any objection to the seizure or sale of the interest of his vendor, Escobar, although at the time he (Rogers) was not in default under the contract of sale and had the right to receive full title to the property upon complying with the conditions of payment. [2] If he had chosen to assert his rights under the agreement, he could have retained the possession of the property as against the credi-

tors of his vendor, but this was under a law intended solely for the benefit of a conditional vendee which he might waive under section 3513 of the Civil Code, which reads as follows: "Anyone may waive the advantage of a law intended solely for his benefit. . . . " [3] The vendee, Rogers, having waived his right to the possession of the property as against Kemp, the purchaser at the execution sale, the vendor, Escobar, cannot with reason claim that said execution sale passed no title in the property. The vendor and judgment debtor will not be heard to complain of an act which affected only the rights of his vendee.

Respondent's brief quotes Freeman on Executions, section 121, as follows: "If a bailee has, as against the owner the right to retain possession of the property for a specified time, he has the same right as against an officer proceeding under a writ against the owner. The officer cannot in such case lawfully seize the property." The correctness of this statement may be conceded, but we agree with appellants' contention that the rule "is intended for the benefit and protection only of the bailee or person having the right to the undisturbed possession of the personal property." On this question there can be no difference in principle between the position of a pledgee and that of a conditional vendee, and as to the former the same authority says (section 120) : "If the pledgee chooses to waive his rights there is no impediment to the levy upon and sale of pledged property under a writ against the pledgor." As we have pointed out, the vendee, Rogers, offered no objection to the seizure of the property. He thereby waived his right to retain the possession thereof under the agreement. None of the cases cited by respondent in support of his view is in point, inasmuch as they involve controversies, not between the conditional vendor and his judgment creditor, but between an attaching creditor and a bailee, a prior equitable mortgagee, a lessee, a *cestui que trust*, or a vendee, respectively.

The only other contention raised by respondent is that the sole interest which Escobar had in the property at the time of the levy "was a lien for the payment of the final installment." This cannot be sustained. By the terms of the agreement between Escobar and Rogers, as we have seen, the former was to retain the legal title until full payment of the purchase price had been made. It was this legal title

that defendant Kemp acquired by his purchase at the execution sale.

The judgment is reversed.

Shaw, J., Angellotti, C. J., Lennon, J., Wilbur, J., and Olney, J., concurred.