[L. A. No. 13177. In Bank.—December 21, 1932.]

In the Matter of the Estate of ALFRED EDWARDS, Deceased. RICHMOND A. EDWARDS et al., Appellants, v. COUNTY NATIONAL BANK AND TRUST COMPANY et al., Respondents.

Newby & Newby, Nathan Newby, Raymond R. Hails and Dee Holder for Appellants.

Heaney, Price & Postel, Norman W. Ambrose, Griffith & Thornburgh, Bruce Wallace and Dryer, Castle & Richards for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Second Appellate District, Division Two. Upon further consideration, we are satisfied that the opinion of Mr. Justice *pro tem.* Fricke correctly determines the issues, and we hereby adopt it as the opinion of this court. It reads as follows:

"The deceased died in 1926 leaving a will providing that the residue of his entire estate should go to Commercial Trust and Savings Bank of Santa Barbara, California, in trust, the income to be paid as follows: 'One-half part thereof to my wife, Mabel R. Edwards, for and during the term of her natural life; one-eighth part thereof to my son, Alfred R. Edwards; one-eighth part thereof to my daughter, Elizabeth Edwards Ryon; one-eighth part thereof to my son, John B. Edwards; one-eighth part thereof to my son, Richmond A. Edwards, during their respective lives. Each and all of such payments are made for the sole and separate uses of the beneficiaries, and the same are not to be deemed or held liable in any possible event for the debts, control or engagements of such beneficiaries, or any other person, and are to be free from the control of any husband, and are not to be subject to any transfer, mortgage, pledge or assignment by them or either or any of them.' The will was admitted to probate February 1, 1930, and the estate distributed to Security First National Bank as trustee of the trust aforesaid. On May 16, 1930, this trustee resigned and was discharged by the court, and County National Bank and Trust Company was appointed successor trustee and received the trust estate. It further appears that subsequent to the execution of the will John B. Edwards became indebted to the decedent on a promissory note, which was reduced to a judgment in the amount of $4,302.30 by the executor. Similarly the executor recovered a judgment against Richmond A. Edwards for $4,770.25 on a note given by him to the deceased subsequent to the date of the will. Alfred R. Edwards also had given a note to the deceased subsequent to the will, and decedent had also endorsed cer-

tain notes for the benefit of Alfred R. Edwards, which were paid by the estate. The foregoing transactions were reduced to a judgment against Alfred R. Edwards in the amount of $17,996.36, in an action by the executor.

"The parties to this action agree that the above-quoted provision of the will created what is commonly known as a 'spendthrift trust'. The question raised on this appeal is whether the trustee had the right to withhold payments due under the trust to John B. Edwards, Richmond A. Edwards and Alfred R. Edwards and apply the same toward the payment of the respective judgments. The appeal is from the order of the trial court, following a hearing of the first account and report of the County National Bank and Trust Company, as trustee, and the objections thereto, by which order such offsets or retainer are authorized and approved. The trial court also found the trust to be one for the maintenance of the widow and four children.

"The cases cited in the briefs of respondents recognizing the general right of an executor or trustee to set off a debt owing by the beneficiary of an estate against the distributive share of such beneficiary are not analogous to or determinative of the case before us, which involves the additional factor that the payments under the trust 'are for the sole and separate uses of the beneficiaries, and the same are not to be deemed or held liable *in any possible event* for the debts, control or engagements of such beneficiaries' (italics ours). As to the authorities cited to the effect that debts of the beneficiary can be offset against his distributive share even though barred by the statute of limitations, they are inapplicable for the further reason that they are contrary to the rule laid down in this state. (*Estate of Schaeffer,* 53 Cal. App. 493, 495 [200 Pac. 508]. See, also, *Estate of Cates,* 195 Cal. 319 [232 Pac. 972]; *In re Clary's Estate,* 71 Cal. App. 22 [234 Pac. 851].)

██ "Spendthrift trusts are recognized and held valid in this state. (*Seymour* v. *McAvoy,* 121 Cal. 438, 442 [53 Pac. 946, 41 L. R. A. 544]; *McColgan* v. *Walter Magee, Inc.,* 172 Cal. 182, 186 [155 Pac. 995, Ann. Cas. 1917D, 1050].) There remains therefore only the question of interpretation of the above quoted provision of the will. It is difficult to see how the language 'each and all of such payments ... are not to be deemed or held liable in any possible

event for the debts, control or engagements of such benefi-
ciaries' could have been made more positive or more in-
clusive. No room is left which will permit the reading into
this provision of the words 'except debts due to me' or
their equivalent, and to sustain the contention of respond-
ents the clause would have to be construed as though it
contained such an exception. Furthermore, the provision
is apparently one for the maintenance of decedent's wife
and children, and it appears to have been the intent of
the testator to provide a sum for the support of each of his
children without offset or retainer in any possible event.
When the testator consented to his sons becoming indebted
to him he did so in the light and knowledge of his testa-
mentary provision that their distributive shares under the
trust for which he had made provision in his will would
not be subject to being diminished by reason of their debts
'in any possible event', and the additional fact that after
the note transactions above referred to no change was made
in his will further indicates the intent of the testator that
there be no exception to the exemption of the distributive
shares from any reduction by reason of any indebtedness.
The question involved in this appeal appears to have come
before an appellate court in only one instance, the case of
*In re Temple,* 36 Misc. Rep. 620, 74 N. Y. Supp. 479. In
that case the testatrix left a trust fund of $3,000 to a bene-
ficiary who was indebted to her in the sum of $1,363.90,
and the provision against setoff or retainer was 'without
being subject in any degree to the intervention or order
of any creditor' of the beneficiary of the spendthrift trust
created by the will, language which the court declares 'not
only makes her intention unmistakable but in effect it de-
clares that the income of said three thousand dollars shall
be beyond and above the reach of her estate as a creditor
of the beneficiary'. The will before us evidences a similar
intent on the part of the testator.''

The order appealed from is reversed and the trial court
is directed to make new findings and a new order in accord-
ance with the opinion herein expressed.