252 Cal.App.2d 923 (1967)
Estate of ELIZABETH I. JOHNSTON, Deceased. CROCKER-CITIZENS NATIONAL BANK et al., Plaintiffs and Respondents,
v.
MARIE ELIZABETH JOHNSTON, a Minor, etc., et al., Objectors and Appellants.
Civ. No. 23782. 
California Court of Appeals. First Dist., Div. One. 
July 27, 1967.
 Noland, Hamerly, Etienne & Fulton, Henry B. Fulton and J. Brian Finegan for Objectors and Appellants.
 Hoge, Fenton, Jones & Appel and John B. Stohlton for Plaintiffs and Respondents.
 MOLINARI, P. J.
 Janine J. Johnston, as guardian for her minor children, Marie and Carole Johnston, appeals from an order of the trial court which in relevant part instructed Crocker-Citizens National Bank, the executor of the will of Elizabeth I. Johnston and testamentary trustee under that will, that it shall not honor any writs of execution or attachment levied against Joseph Johnston, the beneficiary of a trust created by Elizabeth Johnston's will, in the absence of a judicial determination that the income of the subject trust is in excess of amounts needed by the beneficiary for his support, maintenance, or education.
 Questions Presented
 1. Is the child of a beneficiary of a spendthrift trust a special creditor who may enforce support claims against the father's beneficial interest in the trust without a determination that the trust income contains a surplus over and above the amount needed for the support of the father?
 2. Where a beneficiary of a spendthrift trust has removed himself and his assets from the jurisdiction and has given express instructions to the trustee for delivery of disbursements outside the jurisdiction, does the trustee at some point in the disbursement procedure become an agent of the beneficiary for receipt of the proceeds, making such proceeds available to the creditors of the beneficiary within the jurisdiction?
 Statement of the Case
 By the terms of the will of Elizabeth I. Johnston, who died on November 8, 1962, two-thirds of the residue of her estate is to be held in trust for the benefit of her son, Joseph Johnston. The will further provided that during Joseph's lifetime the trustee is to pay Joseph all of the net income of the trust and is further authorized to invade principal to a limited extent to allow Joseph to avail himself of any business opportunity or to establish himself in a business, trade, or profession; and *925 that upon the death of Joseph the undistributed income and principal is to be distributed to Joseph's then living issue. Included among the provisions of the trust is a spendthrift provision. [fn. 1]
 On April 23, 1964 Joseph's wife, Janine, obtained an interlocutory decree of divorce from Joseph. Included in that decree was an order that Joseph make payments for the support of Carole and Marie, the two children of his marriage to Janine. Thereafter, the sheriff of Monterey County served upon Crocker-Citizens National Bank, as trustee of the trust for Joseph's benefit, a writ of execution for amounts due from Joseph for child support under the divorce decree obtained by Janine. Thereupon Crocker-Citizens National Bank instituted the instant action seeking instructions as to whether it should pay any funds to the sheriff under the writ of execution levied upon it.
 Validity of Spendthrift Provision Against Beneficiary's Child
 [1] In California a spendthrift trust, that is, a trust the terms of which provide that the beneficiary cannot assign or otherwise alienate his interest and that his interest shall not be subject to the claims of his creditors, is recognized as a valid form of trust. (McColgan v. Magee, Inc., 172 Cal. 182, 186 [155 P. 995]; Seymour v. McAvoy, 121 Cal. 438, 442 [53 P. 946, 41 L.R.A. 544]; Canfield v. Security-First Nat. Bank, 13 Cal.2d 1, 11 [87 P.2d 830]; and see Civ. Code, 867.) [fn. 2] [2] The validity of a spendthrift provision in a trust is predicated upon the consideration that a person is free to make any desired disposition of his property. (Seymour v. McAvoy, supra, at p. 443; San Diego Trust etc. Bank v. *926 Heustis, 121 Cal.App. 675, 684 [10 P.2d 158]; Canfield v. Security-First Nat. Bank, supra.) [3] However, California, by statute, has imposed a restriction upon the power of a trustor to create a spendthrift trust in which the beneficiary's interest is entirely immune from the claims of the beneficiary's creditors. That restriction is codified in section 859, which has been held to be applicable to spendthrift trusts (see Canfield v. Security-First Nat. Bank, supra, at p. 12, and cases cited therein) and which provides as follows: "Where a trust is created to receive the rents and profits of real or personal property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, is liable to the claims of the creditors of such person, in the same manner as personal property which can not be reached by execution." Based upon this section, therefore, and the cases which have construed it, it is settled in California that the creditors of the beneficiary of a spendthrift trust may reach any income of the trust which is in excess of the amount needed by the beneficiary for support and education. (Canfield v. Security-First-Nat. Bank, supra, at pp. 12-13; Alvis v. Bank of America, 95 Cal.App.2d 118, 124-125 [212 P.2d 608, 36 A.L.R.2d 1209].)
 In the instant case, however, Janine, in seeking a writ of execution against Joseph's beneficial interest in the testamentary trust created by Elizabeth, does not purport to base her claim to this money on a showing that under section 859 Joseph's beneficial interest in the trust exceeds the amount which is reasonably needed by him for his support. According to the record before us Janine has at no time sought or obtained a judicial determination as to the amount of such income which is reasonably necessary for Joseph's support. Rather, in levying a writ of execution upon Crocker- Citizens National Bank and in prosecuting this appeal, Janine takes the position that the child of a beneficiary of a spendthrift trust is a special creditor who may enforce support claims against the father's beneficial interest in the trust regardless of spendthrift provisions in the trust and regardless of whether or not the income of the trust exceeds that amount necessary for the support of the beneficiary.
 While no California case has considered the question of the right of a child of a beneficiary of a spendthrift trust to reach the beneficiary's interest in the trust in order to enforce the *927 child's support claims, it has been held in this state, in a case involving the question of the availability of the beneficiary's interest in a spendthrift trust to satisfy the claims of the beneficiary's wife for alimony or support, that the divorced wife, as the beneficiary of an alimony decree, has no status different from that of other judgment creditors. (See San Diego Trust etc. Bank v. Heustis, supra, 121 Cal.App. 675, at pp. 688-689; Thomas v. Thomas, 192 Cal.App.2d 771, 783 [13 Cal.Rptr. 872].) The Heustis case, in concluding that to prohibit the wife from reaching the trust assets did not contravene public policy, rationalized that "... if the proposition is sound that a donor of property may arrange for its disposition to suit his will, we see no reason why this cannot be done against one creditor as well as another." (P. 689.)
 Janine argues that, notwithstanding the rule of the Heustis case and the provisions of section 859, California should, by judicial decision, adopt the rule that the child of a beneficiary of a spendthrift trust can reach the beneficiary's interest in the trust without a determination that there is income in excess of the amount needed by the beneficiary for his support and education. Persuasive support for this position is found in other jurisdictions, which have held that spendthrift trust provisions barring support claims of the beneficiary's child against the beneficiary's interest in the trust are against public policy. (See cases collected in 91 A.L.R.2d 262, 271-273; and see particularly Shelley v. Shelley, 223 Ore. 328 [354 P.2d 282, 91 A.L.R.2d 250]; Seidenberg v. Seidenberg, 225 F.2d 545; Keller v. Keller, 284 Ill.App. 198 [1 N.E.2d 773]; O'Connor v. O'Connor, 75 Ohio L.Abs. 420, 3 Ohio Ops.2d 186 [141 N.E.2d 691].) This position has also been adopted by the Restatement (Rest.2d Trusts, 157, p. 328) and various texts and law reviews. (See 2 Scott on Trusts (2d ed.) 157.1, p. 1107; 6 American Law of Property, 26.130, p. 583; Bogert, Trusts and Trustees (2d ed.) 224, p. 673; Griswold, Spendthrift Trusts (2d ed.) 333 et seq., p. 388; 28 Va.L.Rev. 527; 44 Cal.L.Rev. 615; 7 Hastings L.J. 220; 43 Harv.L.Rev. 63.)
 In taking this position, these authorities note that the privilege of disposing of property is not absolute but is hedged with various restrictions where there are policy considerations warranting the limitations. (See Shelley v. Shelley, supra, 354 P.2d 282, at p. 285; and cases cited therein; 44 Cal.L.Rev., supra, pp. 618-619.) These authorities then proceed to point to *928 the public policy consideration that whereas a general creditor has achieved his status merely by voluntarily extending credit to the beneficiary, a child is owed a duty of support by his parent which is established by statute and is based upon solid grounds of public policy. (See 196; Fagan v. Fagan, 43 Cal.App.2d 189 [110 P.2d 520]; Dixon v. Dixon, 216 Cal. 440, 442 [14 P.2d 497]; 44 Cal.L.Rev. supra, pp. 618-619; and see Shelley v. Shelley, supra, at p. 286.)
 In addition to the aforementioned public policy considerations, we are asked to make a distinction between child support and alimony claims against the beneficiary's interest in a spendthrift trust. In Heustis it was noted that when the marriage bonds are severed and the wife obtains a judgment for support and maintenance, her relationship with her husband is no different from that of any other judgment creditor. [fn. 3] Accordingly, in that situation, where the marriage relationship is terminated, the husband is obligated to support his wife not because of the marriage relationship but because of the court decree so ordering. In contrast with that situation, the father's obligation to support the child, like his obligation to support his wife during marriage, exists because of the relationship between parent and child and the laws which society has enacted to nurture this relationship. (This distinction between marital and parental duties was recognized in Eaton v. Eaton, 82 N.H. 216 [132 A. 10] and Lippincott v. Lippincott, 349 Pa. 501 [37 A.2d 741], as the basis for holding that a spendthrift trust is subject to the claims for the support of children but free from the claims of the former wife for alimony.)
 [4] Although we find the above-discussed public policy considerations persuasive and are also impressed by the body of authority which favors Janine's position on the issue in question, we are of the opinion that in California, by virtue of section 859, a child of a beneficiary of a spendthrift trust cannot reach the beneficiary's interest in the trust without a determination that there is income in excess of the amount needed by the beneficiary for his support and education. As we have indicated, section 859, in authorizing creditors to *929 reach the surplus of the trust income, makes no special exception for children of the beneficiary of the trust. Rather its provisions purport to apply to all creditors of the beneficiary. In this regard Janine does not argue that a child of the beneficiary is not a creditor, but simply that a child is a special creditor entitled to special treatment. [fn. 4]
 We note, moreover, that none of the jurisdictions which have adopted the position that a child of a beneficiary of a spendthrift trust has a right to reach the latter's interest in the trust have statutory provisions similar to section 859. Rather in those jurisdictions no statutory law exists affecting the issue in question, so that the rule which they have adopted is purely judicial in origin. On the other hand, in at least one of the jurisdictions which have a statute similar to California's section 859, it has been held, in reliance on such statute, that a child of a beneficiary of a spendthrift trust can only reach the beneficiary's interest in the trust to the extent that such interest exceeds the amount needed by the beneficiary for his support and education. (See Frensley v. Frensley, 177 Okla. 221 [58 P.2d 307, 315-316].)
 Finally, we think it pertinent to point out that in terms of practical effect there may be little real difference between the California "surplus funds" rule of section 859 and the Restatement position (the rule adopted by the other jurisdictions hereinabove discussed), which Janine urges us to adopt. As we have indicated, the California rule allows creditors to reach that amount of the beneficiary's interest in the trust which is in excess of the amount needed by him for his support and education. Thus, the creditor, either by creditor's bill or by a supplemental proceeding pursuant to section 859, must obtain a judicial determination as to what amount of the beneficiary's interest in the trust constitutes surplus. And, although under normal circumstances the needs of the beneficiary's dependents would be considered by the court in determining whether there is a surplus which is available to the beneficiary's creditors (see 44 Cal.L.Rev. at pp. 620-621), it has been suggested that "where the income from the trust fund is insufficient to afford comfortable support both to the *930 husband and to his ... children, the courts will not permit the husband to receive as much as he would be entitled to receive if he had no dependents, but will apply the income in such proportions as may under all the circumstances seem equitable for the support of all of them." (2 Scott on Trusts, supra, 157.1, at p. 1114.)
 On the other hand, under the Restatement rule, although the child of the beneficiary of a spendthrift trust is not limited to reaching the "surplus funds" in the trust, his access to the beneficiary's interest in the trust is not unlimited. As noted in the Shelley case, supra, 354 P.2d 282, at p. 288, "such claimants [the beneficiary's former wife and his children] may reach only that much of the income which the trial court deems reasonable under the circumstances, having in mind the respective needs of the husband and wife, the needs of the children, the amount of the trust income, the availability of the corpus for the various needs, and any other factors which are relevant in adjusting equitably the interests of the claimants and the beneficiary. [Citations.]" (See also 157 of the Rest.2d Trusts, at p. 329.)
 Thus, it would seem, under California law as contained in section 859 and under the Restatement rule as to the availability of the beneficiary's interest for support claims of his child, that a judicial determination is necessary in order for the child to reach his father's interest in the trust and that such determination would take into account the same considerations and therefore reach essentially the same result.
 Constructive Receipt by Joseph of the Trust Income
 [5] As a second reason in support of her position that the trial court erroneously determined that Crocker-Citizens National Bank is not required to honor writs of execution levied against Joseph's interest in the trust created by Elizabeth's will, Janine urges that under the "exceptional circumstances" which exist in the instant case, at some point in the disbursement of funds by Crocker-Citizens National Bank to Joseph, but while the funds are still in the hands of Crocker-Citizens National Bank, the funds should be considered to have been constructively received by Joseph so that they would become available to his creditors and specifically to his children. The "exceptional circumstances" to which appellant refers and upon which her argument is premised are that Joseph, while incurring debts in California, has removed *931 himself and his assets from this state and has given directions to Crocker-Citizens National Bank for delivery of the trust income to him outside of the state.
 The difficulty we have with this argument which Janine puts forth is that the "exceptional circumstances" to which she refers appear nowhere in the record which is before this court on this appeal. This record consists solely of the clerk's transcript which contains Crocker-Citizens National Bank's petition for instructions, various memoranda in relation to the matters covered by the petition, and the trial court's determination of the matter. No reference is made in the clerk's transcript to the holding of a hearing with the presentation of evidence. If such a hearing was in fact held no transcript from that proceeding is before this court as part of the designated record on appeal. Thus, based upon the well-established rule of appellate review that this court cannot consider matters which are not included in the record on appeal, we are precluded from treating Janine's contention as to "constructive receipt" of the trust funds by Joseph, which contention is premised on the "exceptional circumstances" which do not appear in the record.
 The order is affirmed.
 Sims, J., and Elkington, J., concurred.
NOTES
[fn. 1] 1. This provision provides as follows: "(j) The payment of net income or principal to the beneficiaries hereunder shall be free and forever discharged of and from all debts, contracts, obligations and engagements of each such beneficiary, and he or she shall be without power to charge, encumber, anticipate or assign the same or any part thereof, and such net income and principal and every part thereof shall not be subject to attachment or levy or be taken in execution of any legal process whatever issued against him (while said income or principal shall remain in the hands or under the control of the Trustee) and the payment by the Trustee of such net income or principal, or both, to the person or persons respectively entitled thereto or the application by the Trustee of all or any part of such income or principal, or both, for the use and benefit of such beneficiary pursuant to the provisions of this Will shall be a good and sufficient discharge of the Trustee with respect to each such payment or application."
[fn. 2] 2. Unless otherwise indicated, all statutory references are to the Civil Code.
[fn. 3] 3. We note that in 44 Cal.L. Rev. 615, 619-620, distinctions are pointed out between the obligation to pay alimony and an ordinary debt. Thus a divorce decree providing for alimony may be modified to meet changing circumstances, ceases to be effective on the death of either party, and may be enforced by the process of contempt. Furthermore, alimony may not be attacked or garnished by a creditor of the wife and an assignment of alimony is void as against public policy.
[fn. 4] 4. A creditor is generally understood to mean one who has a right by law to demand and recover of another a sum of money on any account whatever ( 3430; Cardenas v. Miller, 108 Cal. 250, 258 [39 P. 783, 41 P. 472, 49 Am.St.Rep. 84]; and see 7 Hastings L.J., supra, p. 223, and cases cited in fn. 20), including an obligation based upon the common law, statute law and court decree. (See 7 Hastings L.J., supra.)