[Civ. No. 52437. First Dist., Div. One. Nov. 17, 1983.]

SALLY A. PARSCAL, Plaintiff and Respondent, v.
ROBERT E. PARSCAL, Defendant and Respondent;
BAY AREA PAINTERS TRUST FUNDS,
Third Party Claimant and Appellant.

COUNSEL

Douglas R. Page for Third Party Claimant and Appellant.

Patricia Berkowitz for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**ELKINGTON, Acting P. J.—**██ The question presented by this appeal is whether an employer's mandatory contributions, based upon an employee's hours of work under a collective bargaining agreement, to an employee welfare fund with spendthrift trust provisions are subject to execution under a judgment against the employee for unpaid court-ordered child support.

The following factual-procedural context of the case is uncontroverted.

Painting contractor employers were required under a collective bargaining agreement to pay $4.50 for each hour worked by a union journeyman employee, to appellant Bay Area Painter Trust Funds (the Fund). The money

was then placed by the Fund in vacation, holiday, health and welfare, and pension funds under the Fund's control and subject to a trust indenture's following provision:

"Trustees shall keep a record of all amounts paid into the Fund for each employee, which amounts shall be known as that employee's Benefit Credits."

The Trust Indenture also provided:

"At no time, whether during or after the termination of this Trust, shall any part of the Fund . . . be used for or diverted to any purpose other than for the exclusive benefit of persons entitled to benefits under this Trust Indenture or the Plan."

"No beneficiary entitled to any benefits under this Trust or the Plan shall have the right to assign, transfer, encumber, pledge, mortgage, hypothecate, anticipate or impair in any manner his or her legal or beneficial interest or any interest in the assets of the Trust. Neither the Fund nor any of the assets thereof shall be liable for the debts of any beneficiary entitled to any benefits under this Trust Indenture or the Plan, nor be subject to attachment or execution or other process of any court. The Trustees shall have no power to make any payment or distribution to any person entitled to any benefits under the Trust Indenture or the Plan except to the beneficiary personally or except as it may otherwise be specifically provided in this Trust Indenture or the Plan."

Defendant Robert E. Parscal was a journeyman painter whose employer or employers had, in consideration of his service, made payment of welfare benefits into the Fund.

In a 1979 marriage dissolution action Robert E. Parscal had agreed, and was ordered by the Contra Costa County Superior Court, to pay his wife, Sally A. Parscal, $600 per month for support of the parties' three children.

At a time when he was delinquent in such child support payments in the amount of $5,485.18, Sally A. Parscal obtained a writ of execution for that sum. The writ was levied upon the Fund which rejected it, stating that: "Nothing is legally owed by reason of the Spend-Thrift Clause in the Trusts. If in doubt, please contact our attorney, Douglas R. Page, at 933-2422."

Treating the Fund's rejection as a claim of exemption of Robert E. Parscal's "Benefit Credits" from execution, Sally A. Parscal moved for a de-

termination of the Fund's claim of "nothing legally owed," under Code of Civil Procedure section 690.50. Following a hearing, the court directed the Fund to "pay out of Robert Eugene Parscal's account the sum of $5,485.18." The Fund's appeal is from that order.

Having considered the record presented to us, and the briefs and arguments of the respective parties, we affirm the order. Our reasons follow.

■ It should seem needless to point out that there is a strong, perhaps the strongest, public policy that a parent support his or her child, and that where that duty is neglected, it may be judicially enforced. "Certainly there are few interests of greater importance to the state than the proper discharge by parents of their duties to their children, . . ." (*Pencovic* v. *Pencovic* (1955) 45 Cal.2d 97, 103 [287 P.2d 501]; and see, Civ. Code, § 4700, Pen. Code, § 270; *Lewis* v. *Lewis* (1917) 174 Cal. 336 [163 P. 42], *passim*; *Ackerman* v. *Superior Court* (1963) 221 Cal.App.2d 94 [34 Cal.Rptr. 182], *passim.*)

It is also the policy of this state that: "All . . . property, both real and personal, or any interest therein, of the judgment debtor, not exempt by law, [is] subject to execution." (Code Civ. Proc., § 688; and see *Escobar* v. *Rogers* (1920) 182 Cal. 603, 606 [189 P. 268]; *Houghton* v. *Pacific Southwest T. & S. Bk.* (1931) 111 Cal.App. 509, 512 [295 P. 1079].)

■ And: "The equitable interest of a beneficiary in a trust is ordinarily subject to the claims of his creditors, who may reach it, in proper circumstances, by . . . execution." (60 Cal.Jur.3d, Trusts, § 87, p. 140; and see *Houghton* v. *Pacific Southwest T. & S. Bk., supra,* 111 Cal.App. 509, 513, and authority there cited.)

We are brought to a consideration of the so-called spendthrift trust provision of the Fund's Trust Indenture, upon which it relies.

■ Spendthrift trusts are generally valid. (*Estate of Edwards* (1932) 217 Cal. 25, 27 [17 P.2d 116]; *Estate of Lawrence* (1968) 267 Cal.App.2d 77, 82 [72 Cal.Rptr. 851].)

■ But: "The doctrine that property may be made inalienable by such declaration of [a spendthrift] trust rests upon the theory that a donor has the right to give his property to another upon any conditions which he sees fit to impose, and that, inasmuch as such a gift takes nothing from the prior or subsequent creditors of the beneficiary to which they previously had the right to look for payment, they cannot complain that the donor has provided that the property or income shall go or be paid personally to the beneficiary

and shall not be subject to the claims of creditors." (*McColgan* v. *Magee, Inc.* (1916) 172 Cal. 182, 186 [155 P. 995].) "The validity of a spendthrift provision in a trust is predicated upon the consideration that a person is free to make any desired disposition of his property." (*Estate of Johnston* (1967) 252 Cal.App.2d 923, 925 [60 Cal.Rptr. 852]; and see *Canfield* v. *Security First Nat. Bk.* (1939) 8 Cal.App.2d 277, 282-283 [87 P.2d 830]; *San Diego Trust etc. Bank* v. *Heustis* (1932) 121 Cal.App. 675, 684-685 [10 P.2d 158].) (Here it may not reasonably be said that there are such donor's rights to be protected.)

Another such purpose has sometimes been expressed: "[T]hat the protection of impecunious beneficiaries is in accord with public policy, at least to the extent of keeping such beneficiaries from becoming public charges." (*Canfield* v. *Security-First Nat. Bank* (1935) 13 Cal.2d 1, 11 [48 P.2d 133].) But we opine that such purpose reasonably must yield to the duty to support one's children lest they also become public charges.

Yet another reason appears to offer support of the trial court's ruling. In 1980, subdivision (d) was added to Code of Civil Procedure section 690.18. It provided as here pertinent: "Except with regard to court-ordered child . . . support payments, money held, controlled, . . . by any . . . profit-sharing plan designed and used for . . . the payment of benefits . . . whether the same shall be in the actual possession of such . . . beneficiary, or deposited by him, are exempt from execution. . . ." The subdivision was repealed as of July 1, 1983, but it was in effect at the times with which we are here concerned. (See also, Code Civ. Proc., §§ 703.070, 704.115, 704.120, 706.030, 706.031, operative July 1, 1983.) To the extent that Robert E. Parscal's Benefit Credits with the Fund constituted money held or controlled by a profit-sharing plan designed and used for the payment of benefits to him, it was *expressly* made subject to execution upon a judgment for child support.

It will be seen that under the foregoing rationale the spendthrift provision of the trust indenture was invalid vis-à-vis Robert E. Parscal's duty to support his children.

We find but one judicial authority in California dealing with an issue similar to that before us. It is *Estate of Johnston, supra,* 252 Cal.App.2d 923, 927-928, where we reluctantly (in 1967) concluded that a child's claim for support would not prevail over an *otherwise valid* spendthrift trust. We there stated that we found "[p]ersuasive support for [the contrary position] in other jurisdictions, which have held that spendthrift trust provisions barring support claims of the beneficiary's child against the beneficiary's interest in the trust are against public policy. (See cases collected in 91

A.L.R.2d 262, 271-273; and see particularly *Shelley* v. *Shelley,* 223 Ore. 328 [354 P.2d 282, 91 A.L.R.2d 250]; *Seidenberg* v. *Seidenberg,* 225 F.2d 545; *Keller* v. *Keller,* 284 Ill.App. 198 [1 N.E.2d 773]; *O'Connor* v. *O'Connor,* 75 Ohio L.Abs. 420, 3 Ohio Ops.2d 186 [141 N.E.2d 691].) This position has also been adopted by the Restatement (Rest.2d Trusts, § 157, p. 328) and various texts and law reviews. (See 2 Scott on Trusts (2d ed.) § 157.1, p. 1107; 6 American Law of Property, § 26.130, p. 583; Bogert, Trusts and Trustees (2d ed.) § 224, p. 673; Griswold, Spendthrift Trusts (2d ed.) § 333 et seq., p. 388; 28 Va.L.Rev. 527; 44 Cal.L.Rev. 615; 7 Hastings L.J. 220; 43 Harv.L.Rev. 63.) [¶] In taking this position, these authorities note that the privilege of disposing of property is not absolute but is hedged with various restrictions where there are policy considerations warranting the limitations. (See *Shelley* v. *Shelley, supra,* 354 P.2d 282, at p. 285; and cases cited therein; 44 Cal.L.Rev., *supra,* pp. 618-619.) These authorities then proceed to point to the public policy consideration that whereas a general creditor has achieved his status merely by voluntarily extending credit to the beneficiary, a child is owed a duty of support by his parent which is established by statute and is based upon solid grounds of public policy.''

But in *Estate of Johnston* we felt compelled—by the force of Civil Code section 859, seemingly stating that a child support claim against the beneficiary of an otherwise valid spendthrift trust was limited to the surplus of its income not needed by its beneficiary—to hold contrary to the general rule. Since then the Legislature has twice (1975 and 1982) emphasized the primacy of child support by the above-mentioned Code of Civil Procedure section 690.18, with its language *"except with regard to court-ordered child . . . support.''*

■ We now conclude that the correct rule is that a spendthrift trust, at least as here, does *not* bar execution upon a judgment against its beneficiary for child support.

We have considered the Fund's contentions that (1) unlike the usual spendthrift trust, a beneficiary under its Trust Indenture may for various reasons forfeit his beneficial interest therein to the Fund and other of its members, and that (2) "the trusts were created partially for the benefit of employers so that employers could be assured of rested, secure, physically and emotionally healthy painter employees.'' For these and other reasons it is argued that the integrity of the Trust Indenture's spendthrift clause must be maintained.

But we observe also, that the employer's payments into the Fund were reasonably to be deemed part of the employee's earnings or wages. As

previously noted, under the Trust Indenture, they are "paid into the Fund *for each employee,*" and that they are by the Fund treated and "known *as that employee's Benefit Credits.*" The trial court reasonably found that Robert E. Parscal was the sole beneficiary of the payments and "Benefit Credits," or at least under the apposite public policy, that the right to execute thereupon under a child support judgment reasonably transcended any claim of other journeyman painters, or employers, or the Fund.

Nor are we persuaded by the Fund's argument that since, at least in part, it and the trust were organized under federal law (i.e., the Employment Retirement Income Security Act, sometimes ERISA, 29 U.S.C. § 1001 et seq.), any related or contrary state law was preempted. ERISA has written into it restrictions upon "assignment" or "alienation," and from "levy garnishment or attachment."

Federal courts have consistently held that "a garnishment order [on pension benefits subject to ERISA] used to satisfy court ordered family support payments is impliedly excepted from preempted state law relating 'to any employee benefit plan,' ERISA § 514(a), 29 U.S.C. § 1144(a) and also from the alienation and assignment proscription of ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1)." (*Cody* v. *Rieker* (2d Cir. 1979) 594 F.2d 314, 315.) "Indeed, an overall congressional purpose not to interfere [by ERISA] with the States' power to enforce family support obligations may be gleaned from judicial interpretation of exemption provisions in other federal statutes. . . . '[T]he usual purpose of exemptions is to relieve the person exempted from the pressure of claims hostile to his dependents' essential needs as well as his own personal ones, not to relieve him of familial obligations and destroy what may be the family's last and only security, short of public relief.'" (*Cartledge* v. *Miller* (S.D.N.Y. 1978) 457 F.Supp. 1146, 1155-1156; and see, *American Tel. & Tel. Co.* v. *Merry* (2d Cir. 1979) 592 F.2d 118, 121; *Senco of Florida, Inc.* v. *Clark* (M.D.Fla. 1979) 473 F.Supp. 902, 908.)

■ The Fund's contention that Sally A. Parscal had selected the wrong procedure to vindicate her claim, causing it to be deprived of a lawful hearing, is also found invalid. The proceedings were reasonably akin to supplementary proceedings in aid of execution. Such proceedings are properly resorted to for the purpose of reaching assets of a judgment debtor. And it is expressly held that in such a proceeding the superior court has jurisdiction to determine whether money due the beneficiary of a spendthrift trust is exempt from execution. (*Smith* v. *Smith* (1942) 51 Cal.App.2d 29, 31-34 [124 P.2d 117].) Here, each side presented sworn declarations and filed extensive briefs on the subject. The cause was fairly tried and the Fund suffered no unfair prejudice or denial of due process.

The order of February 19, 1981, in favor of plaintiff and respondent Sally A. Parscal and against third party claimant and appellant Bay Area Painters Trust Funds, is affirmed.

Holmdahl, J., and Constine, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.