[Civ. No. 14130.  First Dist., Div. One.  Dec. 15, 1949.]

DOROTHY E. ALVIS, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Defendants; JAMES ABNER SEVIER et al., Interveners and Appellants.

Paul E. Sloane, Athearn, Chandler & Farmer, Hoffman & Angell, Philip H. Angell and Reginald G. Hearn for Interveners and Appellants.

Bullock, Wagstaffe & Daba for Respondent.

WARD, J.—This is an appeal by the intervening remaindermen from a judgment entered in the Superior Court of San Mateo County against defendant trustee in the sum of $3,-121.91 and in favor of plaintiff, a judgment creditor of the beneficiary of a spendthrift trust. The interveners are the two sons of the beneficiary.

The case was tried on an agreed statement of facts. Briefly, they are as follows: Ida Henderson Sevier on March 20, 1930, created an *inter vivos* trust, to which amendments were made in 1932, 1938 and 1940, providing that the income be paid to

her during her life and on her death the corpus be divided among her seven children. The corpus was to go outright to five of the children and the shares for the other two were to be held in trust, the income to be paid to each such beneficiary for his life. One of these latter beneficiaries, Abner J. Sevier, was the one designated to receive the income here involved. Under the third and final amendment to the trust agreement it is provided that: "The part of this trust estate bearing the name of the said ABNER J. SEVIER . . . shall be continued in trust for his use and benefit so long as he shall survive, and during such continuance the Trustee shall pay to or expend for and on his behalf all of the net income derived from the part bearing his name. Upon the death of the survivor of the Trustor and the said ABNER J. SEVIER the Trustee shall pay, deliver and convey all of the part of the trust estate bearing the name of the said ABNER J. SEVIER and then remaining in its hands in equal shares to his children, JAMES ABNER SEVIER and ROBERT MELVIN SEVIER, or to the survivor of them, . . . Each and every beneficiary of this trust shall be without right, power or authority to sell, assign, pledge, hypothecate by mortgage or deed of trust, or in any manner encumber, anticipate or impair his or her beneficial or legal interest in the trust or any part thereof, and no part of the income and/or principal of the trust shall be subject to the claims of any creditor of any beneficiary, nor liable to attachment, garnishment, execution or any other process of law." In October, 1941, Abner J. Sevier was arrested for the alleged commission of a crime and bail was set at $1,500. On payment to him of $150, George J. Alvis, a bail bond broker and the husband of plaintiff, issued a bond, posted the bail, and Abner was released from custody. Abner disappeared October 4, 1941, before trial, and has neither been seen nor heard from since. George J. Alvis was required to make good on the bond. Approximately 13 months later the trustor died and Abner's share of the corpus was put in trust for him as provided in the trust agreement. The income has accumulated at the rate of approximately $100 per month and at the time of entry of judgment totaled the sum of $6,128. This accumulated income has been allocated by the trustee for the purpose of paying to or expending for and on behalf of Abner. On May 1, 1946, plaintiff, Dorothy E. Alvis, as administratrix of the estate of George J. Alvis, had recovered a judgment against Abner J. Sevier which, with interest and costs at the time of attempted execution, amounted to $2,916.69.

The levy of execution June 1, 1947, on the defendant Bank of America National Trust and Savings Association, as garnishee, was returned unsatisfied on or about June 10, 1947. So far as the record shows, Abner has no other property within the state. The action was brought in November, 1947, to compel satisfaction of the judgment entered against Abner J. Sevier from the income accumulated to his benefit. Leave to intervene was granted by the court to James Abner Sevier and Robert Melvin Sevier, sons of Abner and remaindermen under the trust established for their father. They are the only appellants in this case.

The findings of fact of the court below held in part as follows: "That the accumulated income in the sum of $6,128.00 is surplus income, no part of which was paid to or expended for the beneficiary nor for his family. That no request for payment was ever made by beneficiary nor anyone in his family; that no proceedings were commenced at any time by beneficiary or his family to compel payment of any part of said income from the trust. . . . That the trust provision governing the payment of the income from said trust to ABNER J. SEVIER is not discretionary but directory and mandatory. That the said income was for the use and benefit of the said ABNER J. SEVIER so long as he should live. That said ABNER J. SEVIER is not dead. . . . That the interveners are not entitled to receive at this time the trust estate or any part thereof belonging to ABNER J. SEVIER, and there does remain the full corpus in said trust estate together with accumulated income which is surplus and subject to the claim of plaintiff creditor of ABNER J. SEVIER. . . . That the accumulated surplus income of the trust due, owing and unpaid to said ABNER J. SEVIER is subject to execution by the plaintiff herein." Judgment was given for $2,916.69 plus interest at 7 per cent on the original judgment in the amount of $2,706.25 from May 27, 1947, totaling $3,121.91, plus an amount due plaintiff as costs.

In considering this trust for the purpose of determining the appeal, it has been assumed that it is a spendthrift trust. Before passing to other legal problems presented, it should be noted that the wife of Abner J. Sevier, the beneficiary, is not a party to this proceeding. The sons, in intervening on the trial of the action, alleged that they "are entitled to receive that portion of the trust estate that bore the name of said Abner J. Sevier," but in their closing brief on this appeal they

submit that "the judgment of the trial court should be reversed" and that the trial court should be directed to enter judgment in favor of defendant trustee bank "for the benefit of Abner J. Sevier."

It is the contention of appellants that four findings of fact are unsupported by the evidence. Two of the four findings may be considered together. They appear as follows: (1) "That no request for payment was ever made by beneficiary nor any one in his family"; (2) "That no proceedings were commenced at any time by beneficiary or his family to compel payment of any part of said income from the trust." Whether a "request" was made by the beneficiary or anyone of his family is of little importance except as it might have indicated a need or desire to use a part or all of the accumulated surplus income. If such a request was refused and there was "need" to use the surplus income, then it may be assumed that the beneficiary or his family would have sought to compel the trustee bank to institute proper proceedings for relief in San Mateo County, the county in which the trustee was doing business and the particular business pertaining to this trust, as appears from the "Agreed Statement of Facts." As hereinbefore stated, the court found "that no proceedings were commenced at any time by beneficiary or his family to compel payment of any part of said income from the trust."

Courts take judicial notice of official judicial acts of the courts of this state, at least as limited to proceedings in the same matter which are not disputed. (Code Civ. Proc., § 1875, subd. 3; 10 Cal.Jur. 728.)

The next finding attacked by the appellants is "That the accumulated income in the sum of $6,128.00 is surplus income, no part of which was paid to or expended for the beneficiary nor for his family." Civil Code, section 859, provides: "Where a trust is created to receive the rents and profits of real or personal property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, is liable to the claims of the creditors of such persons, in the same manner as personal property which can not be reached by execution." "Surplus" according to the California rule is determined by the test of "the station in life of the beneficiary." In *Canfield* v. *Security-First National Bank of Los Angeles,* 13 Cal.2d 1, at page 21 [87 P.2d 830], it is stated: "Under section 859 of the Civil Code the trial

court is required to fix the amount necessary for the 'education and support' of the beneficiary. The statute fixes no standards by which the amounts necessary for these purposes are to be ascertained. As was pointed out on the prior Canfield appeal, in ascertaining the proper allowance, the courts of New York and of this state have held that the beneficiary is entitled to receive free from the claims of his creditors sufficient income to support himself and those dependent upon him, according to the mode of life to which they have been accustomed, and to care for any affliction from which he or his family may be suffering. No set sum can be fixed to apply to all cases. The amount varies according to the station in life of the beneficiary." ▆ In the instant case it is impossible to show the necessity, if any, for "education and support" of the beneficiary. The interveners allege "That said ABNER J. SEVIER disappeared nearly seven years ago and, although diligent search and inquiry has since been made for his whereabouts, no trace nor word has since been obtained of him; that he has not been heard from within said time, and said interveners believe, and therefore allege, that said ABNER J. SEVIER is dead." In the complaint in intervention it is not alleged that the interveners are entitled to or need funds or ever needed any amount from the trust fund for "education and support." (Civ. Code, § 859; *Canfield* v. *Security First Nat. Bank, supra.*) The general rule in such cases is that the burden of proving there is a surplus of income from a trust estate over that necessary for support is on the plaintiff creditor. (Bogert, Trusts & Trustees, vol. 1, § 227, p. 751, n. 45.) However, here no such issue was raised and hence it was not necessary that plaintiff introduce evidence upon the subject of the support for the sons. The interveners offered no evidence in that respect. The nearest approach to a suggestion that there was need of financial assistance is the following found in the agreed statement of facts: "that since the disappearance aforesaid of ABNER J. SEVIER he has not contributed in any manner to the support of his wife who resides in San Mateo County, State of California; that said wife of ABNER J. SEVIER has no independent means of income and was entirely dependent upon said ABNER J. SEVIER for support and maintenance." There is no evidence to show that the wife is now solely dependent upon her husband or that she has been without support since his disappearance. In their closing brief the intervening appellants seek to leave the impression that they are supporting

their mother, by calling attention to the legal provision that it is the duty of the children of "any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability." (Civ. Code, § 206.) No evidence is presented in the record to substantiate this suggestion of the interveners.

It is incumbent upon the plaintiff herein to prove that the total accumulated amount above the principal sum of the trust is "surplus income." The agreed statement sets forth "that the approximate annual net income earned from said portion of the trust corpus has been $1,400.00; that no payments have been made by said trustee on account of income since the death of the trustor aforesaid; that the accumulated net income in the possession of said trustee at the date hereof is approximately $6,129.00." The word "surplus" as generally applied to a trust fund is the amount in excess of capital or corpus of the trust. As used in section 859 of the Civil Code it means the amount which remains after the need for education and support is satisfied. (For recent definitions of the word "surplus" see *First Industrial Loan Co.* v. *Daugherty,* 26 Cal.2d 545 [159 P.2d 921].) The purpose of a spendthrift trust is to assist a beneficiary who is presumed incapable of wisely directing his own financial affairs. Under the provisions of section 859, if "no valid direction for accumulation is given" by the trustor the surplus accruing from the trust investments in excess of the amount needed for the education and support of the beneficiary may be awarded a creditor in the same manner as personal property which may not be reached by execution. In this case the total accumulated surplus has been allocated by the trustee bank for the beneficiary, Abner, or on his behalf. By that action the beneficiary acquired an enforceable equitable right to that amount, but the lien-holding creditor may assert her right to prevent payment to the beneficiary of any amount due her from the trust surplus referred to in section 859. Though a trustor, as in this case, may use language designed to provide against the attachment of a beneficiary's interest by any creditors of the beneficiary, the Legislature has seen fit to prevent such an exercise of power by the trustor. "Section 859 constitutes a statutory modification—a statutory limitation—on the power to create such trusts. As far as trusts within the purview of the section are concerned, the legislature has determined that the trustor is without power to create any kind of trust—spendthrift or discretionary—that can successfully

place the income, except the amount necessary for the 'education and support' of the beneficiary, beyond the reach of creditors of the beneficiary. California has thus placed a statutory limitation or restraint on the unlimited power of a donor to give his property to whom he may desire subject to whatever conditions the donor may want. At the same time, in recognition of the fact that public policy also requires that impecunious beneficiaries should be protected from their creditors so as to prevent them from becoming public charges, the legislature has provided that the amount of income necessary for their 'education and support' shall be free from the claims of creditors.'' (*Canfield* v. *Security-First Nat. Bank, supra,* at pp. 12-13; see, also, Code Civ. Proc., § 688; 15 Cal. Jur. pp. 1018-1019.)

Plaintiff contends that if a court were to determine Abner J. Sevier dead, thus to terminate the trust of which he is the life beneficiary, the allocated and accrued income would go to his estate and then be subject to the claims of creditors. This court does not deem it necessary to consider this contention; that problem is not before this court. The trial court found "that the said income was for the use and benefit of the said ABNER J. SEVIER so long as he should live. That said ABNER J. SEVIER is not dead.'' The evidence presented does not disclose that any amount was ever claimed as necessary for the support of the beneficiary, Abner, or his dependents. After payment of the Alvis judgment, however, there remains a balance of approximately 50 per cent of the accumulated "surplus" for any purpose for which it legally may be available.

The judgment entered in favor of plaintiff and against defendants and interveners is affirmed.

Peters, P. J., and Bray, J., concurred.

The opinion was modified and a petition for a rehearing was denied January 14, 1950, and appellants' petition for a hearing by the Supreme Court was denied February 8, 1950. Schauer, J., voted for a hearing.