Two appeals are presented in this case by the appellant United California Bank, the first in its capacity as executor of the will of Alline Vrachliotti Lawrence, and the second as trustee of a trust created by the will of the decedent. Both appeals arise out of the same facts, and the issues in each appeal are identical. Accordingly, we treat the appeals as one, as the parties do in their briefs.
The decedent Alline Vrachliotti Lawrence established a spendthrift trust by her will. Beneficiaries of the trust were her son Ferris William Lawrence, a granddaughter and a grandson, both children of her son Ferris. She directed her trustee to pay Ferris the sum of $50 per month during his life. The testatrix died in 1963 and appellant United California Bank was appointed executor of her will.
Ferris was married to respondent Marjorie Kerr Lawrence. An interlocutory decree of divorce was granted Marjorie a few months before the death of Alline. In the divorce proceedings, Ferris was ordered to pay Marjorie $250 per month alimony, and $250 per month for the support of their two children. After the divorce, Ferris disappeared. He paid nothing pursuant to the court's order, for the support of his wife and children. At the date of the probate decree from which this appeal is taken approximately $20,000 was due Marjorie for alimony and child support.
During probate of the estate of Alline, Marjorie obtained a writ of execution in her divorce action, and levied upon the interest of Ferris in the estate of his mother. The levy was made pursuant to Code of Civil Procedure section 561[1] The execution of course did not impair the powers of the executor over the property of the estate during its administration. When the estate was in a condition to be closed, the executor filed an account and petition for distribution. No mention was made in the petition of the fact that Marjorie had levied execution upon the interest of Ferris as a beneficiary of the trust created by the will of the testatrix. Marjorie filed objections to the petition for distribution and asserted her right to *Page 80 
reach first, the sums that had accrued to Ferris during the administration of the estate at the rate of $50 per month, and second, a right to receive from the trustee after distribution the sum of $50 per month which Alline had directed the trustee to pay to Ferris. After hearing, the probate court in effect sustained Marjorie's contentions and, among other things, ordered distribution to her of (a) the sum of $2,100 due Ferris under terms of the trust, which sum represented the accumulation during administration of the $50 per month payments due Ferris, (b) directed the trustee to pay over to Marjorie the $50 per month payments otherwise payable to Ferris, until further order of the court, and (c) further declared the trust created by Alline's will a spendthrift trust, free from claims of creditors of the beneficiaries, except that the monthly payments due Ferris were to be paid to Marjorie as provided in the decree.
Appellant first contends that Marjorie could not reach Ferris' interest in the trust during administration of the estate. We reject this contention.
[1] Code of Civil Procedure section 561 specifically provides for the attachment of the interest of a debtor in an estate, whether the interest be that of an ". . . heir, legatee or devisee. . . ." We recognize at once that the interest of Ferris in the estate of his mother was not that of an heir, legatee or devisee in the strict sense of the words used in the statute. Rather, he was the beneficiary of a trust created by the will of the testatrix. But we think the language of the code section permitting levy upon the interest of an heir, legatee or devisee, reasonably construed, permits attachment or execution upon the interest of a beneficiary of a trust created by the will of the decedent. Although the statute, read strictly, mentions only attachment of the interest of certain persons in the estate of a decedent, it has been construed to include an execution as well as an attachment. (Estate of Lind, 1 Cal.2d 291, 293 [34 P.2d 486].) Further, Probate Code section 1021 provides in effect that a decree of distribution when it becomes final is conclusive of the rights of ". . heirs, devisees and legatees." This language, identical to that appearing in Code of Civil Procedure section 561, has been held to embrace beneficiaries of a testamentary trust established by the will of the decedent. (Estate of Loring, 29 Cal.2d 423, 428-432 [175 P.2d 524], and cases cited.)
Before enactment of Code of Civil Procedure section 561 in 1923 a distributee's interest or share in an estate could not be *Page 81 
reached by a creditor's customary weapons of attachment and execution. (Estate of Troy, 1 Cal.App.2d 732, 735 [37 P.2d 471]; In re Durel, 10 F.2d 448.) During the administration of an estate, such property was considered to be in "custodia legis," beyond the reach of ordinary process. (Estate ofBennett, 13 Cal.2d 354, 367-368 [90 P.2d 84, 126 A.L.R. 771].)[2] It seems apparent however that, in enacting Code of Civil Procedure section 561 the Legislature intended to depart from the common law rule and to give a creditor of one having an interest in an estate a remedy where before no remedy existed. In enacting the statute we think the Legislature intended no narrow construction of its language but rather intended to embrace within its terms generally those who had interests in an estate — in short, that beneficiaries of a trust created by the will of the decedent are within the class of persons described as "heirs, legatees or devisees" whose interests are by the statute made subject to attachment.
[3] We reject also the executor's argument that, since Ferris could not compel any payment to him until the corpus of the trust had been distributed to the trustee, Marjorie as a creditor cannot stand in a better position than her debtor. (See McGee
v. Allen, 7 Cal.2d 468 [60 P.2d 1026]; Walker v. Doak,210 Cal. 30 [290 P. 290]; cf. Noble v. Beach, 21 Cal.2d 91, 94 [130 P.2d 426].) The decree of distribution does not violate this principle. The probate court has merely ordered sums accrued during the administration of the estate paid directly to the sheriff pursuant to Marjorie's execution. It would be a needless formality first to order such funds distributed to the trustee, and then paid over to the sheriff, especially since executor and trustee are the same entity. If Marjorie was entitled pursuant to her execution to the sums accrued to Ferris, it was not error for the probate court upon distribution of the estate to order such funds distributed directly to the sheriff who made the levy.
As we have seen, the decree of distribution also directed the trustee to pay over to Marjorie the sum of $50 per month which, after distribution, was to be paid to Ferris under terms of the trust. The appellant asserts that any payment to Marjorie, whether it be sums accrued to Ferris during administration or sums to be paid to him by the trustee after distribution are protected because the trust established by decedent's will is a spendthrift trust. Marjorie contends that the interest of Ferris in the trust, over and above amounts *Page 82 
specifically shown to be necessary for his education and support, is subject to her claim.
It is clear from the language of the will that the testatrix intended to and did establish a spendthrift trust for the benefit of her son and grandchildren. The validity of such trusts is long established. (Estate of Edwards, 217 Cal. 25, 27 [17 P.2d 116], and cases cited; 48 Cal.Jur.2d, Trusts, § 132, p. 772.) [4] The underlying reason supporting such trusts is that the donor has a right to dispose of his property in any lawful manner, and that creditors of a beneficiary have no standing to complain. Thus, inSan Diego Trust etc. Bank v. Heustis, 121 Cal.App. 675
[10 P.2d 158], the court declared: "The mother [donor] was under no obligation, either legal or moral, to maintain the wife of her son, and had a right to dispose of her property as she saw fit." (P. 684.)
[5] Nevertheless there are circumstances under which a creditor of a beneficiary of a spendthrift trust may reach the interest of the beneficiary. Thus, Civil Code section 859 reads: "Where a trust is created to receive the rents and profits of real or personal property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, is liable to the claims of the creditors of such persons, in the same manner as personal property which can not be reached by execution." Respondent here asserts only a right to reach the interest of Ferris under the section just quoted. However, before a creditor may reach the interest of a beneficiary through section 859 it must first be established that there is no valid direction stated in the trust for the accumulation of income, and second that the interest of the beneficiary is not necessary for his education and support.
Under the terms of the trust established by decedent's will, her trustee is required to pay her son Ferris $50 per month, whether from income or principal, and a like sum to her grandchildren. Surplus income, if any, is to be accumulated and added to the corpus of the trust. With respect to accumulations, the will read: "All unexpended portions of the net income, if any, arising from this trust estate shall be accumulated, added to, and become a part of the principal thereof. . . ." This, of course, is a valid direction for the accumulation of income, but extends only to such income, if any, as may be surplus after making payments to the son and grandchildren of the testatrix. It operates to protect and preserve *Page 83 
the surplus income over and above the amounts distributable to the beneficiaries. [6] But we do not think it was intended that, where as here, a valid direction is given for the accumulation of surplus income, the entire effect of section 859 is thereby nullified. Rather, we think the section should be construed so as to permit creditors to reach mandatory payments due from a trustee to the beneficiary of a spendthrift trust provided, of course, a finding is made, based upon sufficient evidence, that such payments are not necessary for the education and support of the beneficiary. (See Canfield v.Security-First Nat. Bank, 13 Cal.2d 1 [87 P.2d 830]; Alvis v.Bank of America, 95 Cal.App.2d 118, 124 [212 P.2d 608, 36 A.L.R.2d 1209].)
[7] As we have said, the decree of distribution ordered payment to Marjorie of all payments which had accrued to Ferris during administration of the estate, and further ordered paid to her the payments of $50 per month due Ferris by the terms of the trust. There is no evidence in the record, however, to support this portion of the decree. It is inferable from the record that Ferris had notice of the proceedings by means of notice to his counsel in the divorce proceedings, but he did not appear and no evidence was offered or received to show his needs for education and support. Since section 859 applies only where the sums sought to be reached by the creditor exceeds the needs of the beneficiary for the purposes stated, it was incumbent upon Marjorie to produce some evidence to show her right to levy on Ferris' interest. The burden of proof to establish that there was surplus income subject to her execution rested upon her shoulders (Alvis v. Bank of America, supra, 95 Cal.App.2d 118, 123-124) and since no evidence whatever was presented on this issue, it necessarily follows that this portion of the decree of distribution must be reversed.
The portions of the decree of distribution from which this appeal is taken are reversed, with directions to the trial court to take evidence on the issue of the needs of Ferris for education and support, and to enter a decree in conformity with its findings, and the views expressed in this opinion.
Draper, P.J., and Brown (H.C.) J., concurred.
[1] Code of Civil Procedure section 561 reads in part: "The interest of a defendant in personal property belonging to the estate of a decedent, whether as heir, legatee or devisee, may be attached by serving the personal representative of the decedent with a copy of the writ and a notice that said interest is attached. . . ." (Italics ours.) *Page 84