**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DONALD SULLIVAN; DEANNA EVICH;
RICHARD BURKOW,
　　　　　*Plaintiffs-Appellants,*

　　　　　v.

ORACLE CORPORATION, a Delaware
corporation; ORACLE UNIVERSITY,
form unknown,
　　　　　*Defendants-Appellees.*

No. 06-56649

D.C. No.
CV-05-00392-AHS

ORDER
CERTIFYING
QUESTIONS TO
THE SUPREME
COURT OF
CALIFORNIA

Filed February 17, 2009

Before: William A. Fletcher and Ronald M. Gould,
Circuit Judges, and Louis H. Pollak,*
Senior District Judge.

---

## ORDER

We respectfully ask the California Supreme Court to exercise its discretion to accept and decide the certified questions below, pursuant to California Rule of Court 8.548.

### I.　Statement of Facts and Procedural Background

Defendant Oracle Corporation ("Oracle") is a Delaware corporation with its principal place of business in California. Plaintiffs are "Instructors" — to use Oracle's term — who trained customers to use Oracle software. The parties stipu-

---

*The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1841

lated in federal district court that from April 1999 to June 2006 (the date of the stipulation) Oracle "utilized Instructors on a contract basis through its subsidiary, Oracle Corporation Canada, to perform work inside the United States [and] inside the State of California." According to the stipulation, Oracle provided the training materials used by Plaintiffs. Oracle "recognized revenue" for work performed by Plaintiffs in the United States (including California). Oracle "required its Instructors to travel to destinations within the United States away from their city of domicile for the purpose of performing work for Oracle." At all relevant times, all three plaintiffs resided in the United States. All three of them received their letters of employment in their home states.

Plaintiff Donald Sullivan worked as an Oracle Instructor from June 1998 to January 2004. During this period, Sullivan resided in Colorado. During 2001, Sullivan worked in Colorado "on at least 150 days"; he worked in California "on 32 days"; and he worked in other states "on at least" 52 days. During 2002, he worked in Colorado "on at least 150 days"; he worked in California "on 12 days"; and he worked in other states "on at least" 20 days. During 2003, he worked in Colorado "on at least 150 days"; he worked in California "on 30 days"; and he worked in other states "on at least" 19 days. The record does not reflect how many days, if any, Sullivan worked in Canada.

Plaintiff Deanna Evich worked as an Oracle Instructor from August 1999 to July 2004. During this period, Evich resided in Colorado. During 2001, Evich worked in Colorado "at least 150 days"; she worked in California "on 33 days"; and she worked in other states "on at least" 3 days. During 2002, she worked in Colorado "on approximately 30 days"; she worked in California "on 11 days." During 2003, she worked in Colorado "on approximately 30 days"; she worked no days in California. During 2004, she worked in Colorado "on at least 100 days"; she worked in California "on 36 days"; and she worked

in other states "on at least" 4 days. The record does not reflect how many days, if any, Evich worked in Canada.

Plaintiff Richard Burkow worked as an Oracle Instructor from March 1998 to April 2002. During this period, Burkow resided in Arizona. During 2001, Burkow worked in Arizona "on at least 100 days"; he worked in California "on 15 days"; and he worked in other states "on at least" 68 days. During 2002, he worked in Arizona "on at least 60 days"; he worked in California "on five days"; and he worked in other states "on at least" 12 days. The record does not reflect how many days, if any, Burkow worked in Canada.

For a number of years, Oracle classified its Instructors as "teachers," who are exempt from the overtime provisions of California's Labor Code ("Labor Code") and the federal Fair Labor Standard Act ("FLSA"). *See Cal. Sch. of Culinary Arts v. Lujan*, 4 Cal. Rptr. 3d 785, 791-92 (Ct. App. 2003) (describing regulations establishing exemption for teachers from the Labor Code's overtime provisions); 29 U.S.C. § 213(a)(1) (providing exemptions from the FLSA's overtime provisions); 29 C.F.R. §§ 541.303(a)-(b) (applying FLSA exemption to certain categories of teachers). The parties stipulated that Oracle's California offices were primarily responsible for the decision to classify the Instructors as "teachers" who were exempt from the overtime provisions of the Labor Code and the FLSA.

In 2003, Oracle reclassified its California-based Instructors and began paying them overtime under the Labor Code. In 2004, Oracle reclassified all of its Instructors working in the United States and began paying them overtime under the FLSA. Oracle has not retroactively provided overtime payments to the plaintiffs in the suit before us for work they performed in California prior to the reclassification.

Oracle's reclassification of its Instructors appears to have been prompted by a 2003 class action in federal district court

for the Central District of California. Plaintiffs in that suit claimed that Oracle misclassified its Instructors under the Labor Code and the FLSA. *Gabel & Sullivan v. Oracle* ("*Sullivan I*"), Case No. SACV 03-348 AHS (MLGx) (C.D. Cal. Mar. 29, 2005). The district court certified two classes. The first was comprised of plaintiffs seeking damages under the Labor Code; the second was comprised of plaintiffs seeking damages under the FLSA. That suit was settled, resulting in a dismissal with prejudice of claims of both classes. However, claims brought by plaintiffs under California law "for periods of time they may have worked in the State of California when they were not a resident of the State" were excepted from the settlement. Those claims were dismissed without prejudice.

Plaintiffs brought the present suit in state court shortly after the settlement in *Sullivan I*. Oracle removed the suit to the federal district court for the Central District of California, where it was assigned to the same district judge as *Sullivan I*. Plaintiffs allege three claims in the present suit. They seek class certification for all three claims.

The first claim, brought by all three Plaintiffs, alleges a violation of the California Labor Code. *See, e.g.*, Cal. Lab. Code § 510(a); *see also Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1073 n.18 (9th Cir. 2007). Plaintiffs allege that Oracle failed to pay overtime for work performed in California to Instructors domiciled in other states who worked complete days and complete weeks in California. Plaintiffs seek to apply the Labor Code to a full day's work when that work was performed entirely in California, and to a full week's work when that work was performed entirely in California. They do not seek to apply the Labor Code to only a part of a day's work or part of a week's work that was performed in California.

The second claim, brought by all three Plaintiffs, alleges a violation of California's Unfair Competition Law, commonly

referred to as § 17200. *See* Cal. Bus. & Prof. Code § 17200 *et seq*. This claim is predicated on the violations of the Labor Code alleged in the first claim.

The third claim, brought only by Plaintiffs Evich and Burkow, alleges a different violation of § 17200. This claim is predicated on violations of the FLSA. Plaintiffs allege that Oracle failed to pay overtime under the FLSA for work performed throughout the United States. Class members in *Sullivan I* who settled their claims against Oracle are not included in the would-be class.

The district court granted summary judgment to Oracle on all three claims. On the first and second claims, the court held that California's Labor Code (and, derivatively, § 17200) does not apply to nonresidents who work primarily in other states. Further, the court held that if the Labor Code were construed to apply to such work, it would violate the Due Process Clause of the Fourteenth Amendment. On the third claim, the court held that § 17200 does not apply to work performed outside California for which payment was less than that required by the FLSA; to the extent the third claim involved work performed in California the claim failed "for the same reasons that Plaintiffs' § 17200 claim based on Labor Code provisions fails."

In a published opinion, we reversed in part and affirmed in part the decision of the district court. *Sullivan v. Oracle Corp.* (*Sullivan II*), 547 F.3d 1177 (9th Cir. 2008). We reversed on the first and second claims, holding that the Labor Code and § 17200 apply to Plaintiffs' overtime work that was performed in California. *Id.* at 1181-86. We affirmed on the third claim, holding that § 17200 does not apply to Plaintiffs' overtime work performed outside of California even if the employer violated the FLSA. *Id.* at 1186-87.

Oracle filed a petition for rehearing en banc of our decision on the first and second claims. Plaintiffs filed a petition for

rehearing by the panel on the third claim. The California Employment Law Council, the California Restaurant Association, and the Employers' Group each filed amicus briefs in support of Oracle's petition for rehearing en banc on the first and second claims.

## II.  Certified Questions

We certify the following questions to the California Supreme Court, corresponding to the three claims presented by the plaintiffs.

First, does the California Labor Code apply to overtime work performed in California for a California-based employer by out-of-state plaintiffs in the circumstances of this case, such that overtime pay is required for work in excess of eight hours per day or in excess of forty hours per week?

Second, does § 17200 apply to the overtime work described in question one?

Third, does § 17200 apply to overtime work performed outside California for a California-based employer by out-of-state plaintiffs in the circumstances of this case if the employer failed to comply with the overtime provisions of the FLSA?

By separate order, we today withdraw our published panel opinion in this appeal, pending a decision by the California Supreme Court on the questions of California law that we now certify. If the California Supreme Court decides any or all of the certified questions, we will accept and rely on the Court's decision of that question or those questions in any further proceedings in this court.

## III.  Explanation of the Importance of the Certified Questions

Answers to the three certified questions by the California Supreme Court will determine the outcome of the summary judgment motion made as to Plaintiffs' three claims.

The answer to the questions will have considerable practical importance. A large but undetermined number of California-based employers employ out-of-state residents to perform work in California. If those workers are covered by the overtime provisions of the California Labor Code, this will have an appreciable economic impact on these employers and employees. There may also be an appreciable economic impact on the overall labor market in California, given the competitive cost advantage out-of-state employees may have over California-resident employees if overtime pay under California law is not required for work they perform in California.

As we read the decisions of the California appellate courts, there is no directly controlling precedent on the question whether the overtime law of California or the overtime laws of the home states of Plaintiffs should apply to work performed by Plaintiffs in California for a California-based employer. The general choice-of-law principles under California are long established and relatively clear. *See Sullivan II*, 547 F.3d at 1182. Their application to this case, however, is unclear. We have inferred from *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557 (1996), and *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850 (1996), that the overtime provisions of the California Labor Code are intended to cover full days and full weeks worked in California by out-of-state residents employed by California-based companies, but we have not been able to discover any appellate decision of a California court directly addressing that question. *See Sullivan II*, 547 F.3d at 1183. Nor have we been able to discover any appellate decision dealing with the application of § 17200 to the work performed by Plaintiffs in and outside California. Further, although the issue directly before us concerns only overtime pay, we are aware that there are broader implications of a holding that the Labor Code covers in-state work by out-of-state residents employed by California-based employers, given the multifarious provisions of the Labor Code.

IV.   Administrative Information

The caption of the case is:

No. 06-56649

DONALD SULLIVAN; DEANNA EVICH; RICHARD
BURKOW,

Plaintiffs - Appellants,

v.

ORACLE CORPORATION, a Delaware corporation;
ORACLE UNIVERSITY, form unknown,

Defendants - Appellees.

Counsel for the parties are as follows:

For Plaintiffs - Appellants: Charles S. Russell, Robert W.
Thompson, CALLAHAN McCUNE & WILLIS, 111 Fashion
Lane, Tustin, CA 92780.

For Defendants - Appellees: Stephen L. Berry, Paul Gross-
man, PAUL, HASTINGS, JANOFSKY & WALKER, 55 Sec-
ond Street, 24th Floor, San Francisco, CA 94105; Paul W.
Cane, Jr., Kirby C. Wilcox, PAUL, HASTINGS, JANOFSKY
& WALKER, 695 Town Center Drive, 17th Floor, Costa
Mesa, CA.

If the California Supreme Court grants the request for certi-
fication, Donald Sullivan, Deanna Evich, and Richard Bur-
kow should be deemed the petitioners, as they are the
appellants before our court.

V.   Conclusion

We recognize that the California Supreme Court has a
heavy caseload, and we do not make our request lightly. We

hope that the Court will accept and decide all three of the certified questions. However, if the Court in its discretion chooses to accept and decide only one or two of the questions, we will be grateful for its assistance as to that question or those questions.

All further proceedings in this case in this court are stayed pending final action by the California Supreme Court. This case is withdrawn from submission until further order of this court. This panel retains jurisdiction over further proceedings upon receiving a decision from the California Supreme Court or upon that court's decision to decline to answer the certified question or questions. The parties shall notify the Clerk of this court within one week after the California Supreme Court accepts or rejects certification. If the California Supreme Court accepts the certified question or questions, the parties shall file a joint status report to our court every six months after the date of acceptance, or more frequently if circumstances warrant, and again within one week if the California Supreme Court renders an opinion.

In accordance with California Rule of Court 8.548, the Clerk of Court is hereby directed to transmit forthwith to the California Supreme Court, under official seal of the Ninth Circuit, the original and ten copies of this order, along with all relevant briefs and excerpts of record. The Clerk shall also file certificates of service with the parties to this appeal. Cal. R. Ct. 8.548(c)-(d).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.